1   Pamela Koslyn (State Bar # 120605)
    pkoslyn@koslynlaw.com
2   LAW OFFICE OF PAMELA KOSLYN
    5757 Wilshire Blvd., Penthouse 20
3   Los Angeles, California 90036
    Telephone:    (323) 467-2200
4   Fax:          (323) 648-8222

5   Attorneys for Defendant GYPSY 05, INC.

6

7

8                   **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  GOLD VALUE INTERNATIONAL          Case No 2:18-cv-08934-GW-E
    TEXTILE, INC. a California
12  corporation, individually and doing   **STIPULATED PROTECTIVE ORDER**
    business as "FIESTA FABRIC,"
13
          Plaintiff,
14
              v.
15
    GYPSY 05, INC., a California
16  corporation; EMINENT, INC.,
    individually and doing business as
17  "Revolve"; and DOES 1-10,
    inclusive,
18
          Defendants.
19

20

21

22

23

24

25

26

27

28

1        In connection with the production of confidential documents and

2  other confidential information in this action, Plaintiff Gold Value International

3  Textile, Inc. , a California corporation, individually and doing business as

4  "FIESTA FABRIC," ("Plaintiff") on one hand, and Defendants (1) Gypsy 05, Inc.,

5  a CA corporation; and (2) Eminent, Inc., a DE corporation (erroneously sued as a

6  California corporation, individually and doing business as Revolve (collectively,

7  ("Defendants"), through their respective counsel (all parties collectively, the

8  "Parties" or individually, "Party"), hereby enter into this Stipulated Protective

9  Order for Confidential Treatment of Documents or Information (the "Stipulated

10  Protective Order").

11

12                    **GOOD CAUSE STATEMENT**

13        The Court may enter a protective order upon a showing of good

14  cause. *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1209 (9th Cir. 2002) (Rule 26(c)).

15  Here, there is good cause for the entry of this protective order.

16        This instant action is one for copyright infringement. The Parties'

17  disclosures pursuant to Rule 26, pursuant to informal discovery, and pursuant to

18  the Parties' discovery requests will involve production of documents relating to

19  the subject fabric designs, including the creation, manufacture, marketing,

20  advertising, selling, distributing, exporting, and accounting for sales of Plaintiff's

21  products and of Defendants' products which Plaintiff alleges infringe on

22  Plaintiff's designs. There will also be business-sensitive information such as

23  insurance policies and indemnity agreements. This information —if not made

24  public—is the type of information that a business would treat as confidential and

25  proprietary, therefore meriting entry of this protective order to protect against the

26  unnecessary disclosure of same outside the context of this litigation. To the extent

27  the information is sensitive vis-à-vis the parties themselves because they are in a

28  competitive posture, a higher level of confidentiality (i.e., "Attorneys Eyes Only")

LAW OFFICE OF PAMELA KOSLYN
5757 WILSHIRE BOULEVARD, PENTHOUSE 20
LOS ANGELES, CALIFORNIA 90036
(323) 467-2200

is merited to protect against unnecessary disclosure of confidential information as between the parties.

## 1.     PURPOSE OF THIS PROTECTIVE ORDER

The purpose of this Stipulated Protective Order is to provide a means for limiting access to and use and disclosure of Confidential Documents or Information that are produced in this action. Any unauthorized disclosure of Confidential Documents or Information in violation of this Order may be subject to discipline by the contempt powers of this Court.

## 2.     DEFINITION OF "CONFIDENTIAL DOCUMENTS OR INFORMATION"

"Confidential Documents or Information" are all Documents or Information that (a) have been produced by any Party; and (b) have been properly designated as "Confidential" or "Confidential-Attorney's Eyes Only" pursuant to paragraph 3, below.

## 3.     DESIGNATION OF "CONFIDENTIAL DOCUMENTS OR INFORMATION"

The Parties may designate such documents or information as "Confidential" or "Confidential-Attorney's Eyes Only" in accordance with the following procedures:

### A.     Criteria for Classification

#### (1) "Confidential" Documents or Information

Any Party may designate documents or information as "Confidential" if it has a reasonable good faith belief that the disclosure of said documents or information absent the protections of this order will have the effect of causing harm to the producing party's competitive position or privacy interests because the documents or information embody (a) confidential accounting records including purchase orders, invoices, balance sheets, profit and loss statements, cash flow statements, bank records, expense reports (including invoices, receipts, and

LAW OFFICE OF PAMELA KOSLYN
5757 WILSHIRE BOULEVARD, PENTHOUSE 20
LOS ANGELES, CALIFORNIA 90036
(323) 467-2200

1   checks), payments, agreements, licenses, and sub-licenses; (b) customer lists; (c)

2   sensitive personal information including social security numbers and other

3   identifying information; and (d) proprietary marketing plans.

4                    (2) **"Confidential-Attorney's Eyes Only" Documents**

5                    **or Information**

6          The designation "Confidential-Attorney's Eyes Only" will be limited

7   to such documents, materials or other things that any Party believes, in good faith,

8   contain information, the disclosure of which is likely to cause severe harm to its

9   competitive position, or which materials meet the definition of a trade secret set

10  forth in section §3426.1(d) of the California Civil Code or other applicable trade

11  secret statutes. This limitation is to be applied strictly.

12         **B.     Time of Designation**

13         Unless otherwise agreed between counsel for the Parties, the

14  designation of Confidential Documents or Information will be made at the time of

15  the production of documents or information.

16         **C.     Manner of Designation**

17         The designation of Confidential Documents or Information will be

18  made in the following manner:

19                    1.     For documents, by placing the notation

20  "Confidential" or "Confidential-Attorney's Eyes Only" on each page of such

21  document;

22                    2.     For tangible items, including any documents or

23  information produced on magnetic disks or other computer related media, and

24  including clothing samples, by placing the notation "Confidential" or

25  "Confidential-Attorney's Eyes Only" on the object and, if applicable, on the

26  container thereof or if such are not practicable, as otherwise agreed by the Parties.

27  In the event either Party generates any "hard copy" or printout from any

28  "Confidential Material," that Party must immediately stamp each page

LAW OFFICE OF PAMELA KOSLYN
5757 WILSHIRE BOULEVARD, PENTHOUSE 20
LOS ANGELES, CALIFORNIA 90036
(323) 467-2200

1  "Confidential" or "Confidential-Attorney's Eyes Only," and the hard copy or

2  printout will be treated as "Confidential Information pursuant to this Stipulated

3  Protective Order."

4           3.      For deposition testimony, by noting on the record

5  that information is "Confidential" or "Confidential-Attorneys' Eyes Only" at the

6  time the deposition is taking place.

7                    **D.      Retroactive Designation**

8           1.      Inadvertent production of any Confidential

9  Documents or Information without a designation of confidentiality will not be

10  deemed to waive a later claim as to confidentiality or privilege, or prevent the

11  Party claiming said confidentiality from re-designating such documents or

12  information as "Confidential" or "Confidential-Attorney's Eyes Only" promptly

13  after discovery of the inadvertent production and written notice to each other

14  party.

15           2.      Within ten (10) business days after production or

16  deposition testimony, any Party may retroactively designate (or withdraw a

17  designation) of Confidential Documents or Information under paragraphs 3(B) and

18  (C) above, regarding any material that it has produced, provided however, that

19  such retroactive designation (or withdrawal) will be in accordance with the terms

20  of this Order. Such retroactive designation (or withdrawal) will be accomplished

21  by notifying counsel for each non-designating Party in writing of such retroactive

22  designation (or withdrawal). Upon receipt of any such written re-designation,

23  counsel (i) will not make any further disclosure or communication of such

24  retroactively designated material except as provided for in this Order; (ii) will take

25  reasonable steps to notify all persons known to have possession of any

26  retroactively designated material of the effect of such re-designation under this

27  Order; and (iii) will take reasonable steps to procure all copies of such

28  retroactively designated material from any persons known to have possession of

LAW OFFICE OF PAMELA KOSLYN
5757 WILSHIRE BOULEVARD, PENTHOUSE 20
LOS ANGELES, CALIFORNIA 90036
(323) 467-2200

1  any such retroactively designated material who are not entitled to receipt under
2  this Order.

### E.   Resolution of Disputes Regarding Designation

4       If any Party, at any time, wishes to have the "Confidential" or
5  "Confidential-Attorney's Eyes Only" designation of any particular Confidential
6  Documents or Information removed or changed, that Party will first request in
7  writing that the Party having made the designation at issue change its designation.
8  Thereafter, the Parties will make good faith efforts to resolve the dispute.

9       If the designating Party refuses to agree to remove or change the
10 designation, then the Party requesting that the designation be changed will request
11 the Court for a decision by submitting a Joint Stipulation pursuant to Local Rule
12 37. At all times during the process of challenging a designation, the Parties will
13 treat the designated material as originally designated until a change is agreed upon
14 or the motion is decided by the Court.

### F.   Filing Confidential Material Under Seal

16      If any Party wants to file any material designated "Confidential," or
17 "Confidential-Attorney's Eyes Only" under seal, then such Party will file a
18 stipulation or ex parte application requesting it in compliance with Civil Local
19 Rule 79-5. Material may only be filed under seal pursuant to a Court order
20 authorizing the sealing of the material at issue. If a Party's request to file the
21 material at issue under seal is denied by the Court, then a Party may file the
22 information in the public record unless otherwise instructed by the Court.

### G.   Designation of Third Party Documents

24      Documents and/or information produced by a third party in response
25 to a subpoena or during deposition in the course of this litigation may involve
26 receipt of information, documents, things or testimony which include, contain or
27 comprise protected information that may or may not be appropriate for
28 "Confidential-Attorneys' Eyes Only" or "Confidential" designation under this

LAW OFFICE OF PAMELA KOSLYN
5757 WILSHIRE BOULEVARD, PENTHOUSE 20
LOS ANGELES, CALIFORNIA 90036
(323) 467-2200

1    Order. Unless otherwise agreed in writing between counsel for the parties,

2    documents and information so produced by a third party will be treated as follows:

3    First of all, all such documents and information will automatically be deemed to

4    be and will be treated as "Confidential-Attorneys' Eyes Only" for five business

5    days following their actual receipt by both counsel for Plaintiffs and counsel for

6    Defendants in this action, in order to enable each such counsel to determine

7    whether in their view any protected information is embodied therein. If no

8    designation of the information as "Confidential" or "Confidential-Attorneys' Eyes

9    Only" by the Designating Party is received by the non-Designating Parties within

10   five business days after said production, then the information will not be protected

11   by this Protective Order except pursuant to subsequent designation by a party

12   hereto or pursuant to a subsequent agreement of the parties or Court order; if

13   however a written designation of "Confidential" or "Confidential-Attorneys' Eyes

14   Only" is made by a Designating Party and is received by the non-Designating

15   Parties within five business days after said production of documents or

16   information by the non-party, then the information will be subject to this

17   Protective Order and will be deemed to be "Confidential" or "Confidential-

18   Attorneys' Eyes Only" (as requested by the Designating Party); provided,

19   however, that the designation may be challenged in the manner set forth in Section

20   3. E, *supra*.

21          Lastly, to the extent third party documents or information contains

22   information that is confidential and/or proprietary to the third party, said third

23   party can avail itself of the protections set forth in this Order and designate

24   documents and/or information it products accordingly by executing this Order and

25   agreeing to be bound by its terms.

26   **4.      PERSONS TO WHOM CONFIDENTIAL DOCUMENTS**

27   **OR INFORMATION MAY BE DISCLOSED**

28          **A.      Disclosure of Documents or Information Designated**

LAW OFFICE OF PAMELA KOSLYN
5757 WILSHIRE BOULEVARD, PENTHOUSE 20
LOS ANGELES, CALIFORNIA 90036
(323) 467-2200

LAW OFFICE OF PAMELA KOSLYN
5757 WILSHIRE BOULEVARD, PENTHOUSE 20
LOS ANGELES, CALIFORNIA 90036
(323) 467-2200

## as "Confidential"

Documents or Information designated as "Confidential" may be disclosed and copies may be provided only to:

1.    Counsel of record;

2.    Expert witnesses or consultants retained by the Parties or their respective counsel in connection with this action who have complied with paragraph 4(D), below;

3.    Court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

4.    This Court and its personnel, or any other tribunal of competent jurisdiction having involvement in this matter and its personnel; and

5.    Any mediator or arbitrator or settlement conference neutral selected by the Parties or by the Court to mediate or to try to settle or arbitrate this action.

6.    Representatives of the Parties.

**B.    Disclosure of Documents or Information Designated As "Confidential-Attorney's Eyes Only"**

Confidential Documents or Information designated as "Confidential-Attorney's Eyes Only" may be disclosed and copies may be provided only to:

1.    Counsel of record;

2.    Expert witnesses or consultants retained by the Parties or their respective counsel in connection with this action who have complied with paragraph 4(D), below;

3.    This Court and its personnel, or any other tribunal of competent jurisdiction having involvement in this matter and its personnel; and

4.    Any mediator or arbitrator or settlement conference neutral selected by the Parties or by the Court to mediate or to try to settle or arbitrate this action.

**C.    Additional Authorized Disclosure of Documents or**

LAW OFFICE OF PAMELA KOSLYN
5757 WILSHIRE BOULEVARD, PENTHOUSE 20
LOS ANGELES, CALIFORNIA 90036
(323) 467-2200

**Information Designated as "Confidential" or**

**"Confidential Attorney's Eyes Only"**

Notwithstanding anything to the contrary in paragraphs 4(A) or 4(B) above, particular Confidential Documents or Information that have been designated as "Confidential" or "Confidential-Attorney's Eyes Only" may be disclosed and copies may be provided:

1.      To Persons who are explicitly named on the document as the authors or addressees or to persons who may be shown to be an author or recipient or intended recipient of any particular document;

2.      To any other persons with the prior written consent of the designating Party; and

3.      To any other persons with the prior authorization of this Court or any other tribunal of competent jurisdiction having involvement in this matter.

4.      If a document designated as "Confidential" or "Confidential-Attorney's Eyes Only" refers to the conduct or affairs of a potential witness, the Party's counsel of record may discuss such conduct or affairs with such person without revealing the existence of the document, or its authors or source.

**D.      Disclosure to Experts or Consultants**

Prior to disclosing or providing copies of any Confidential Documents or Information to any expert or consultant pursuant to paragraphs 4(A) or 4(B), above, the disclosing Party will first obtain the agreement of the expert, consultant or anyone else to whom such disclosure will be made to be bound by the terms of this Stipulated Protective Order as set forth in the attached "Acknowledgment and Agreement To Be Bound." Specifically, the expert or consultant will acknowledge that, during the course of his or her retention, the expert or consultant may have access to, and become acquainted with Confidential Documents or Information, which are regularly used in the operation of the businesses of the designating Party or which have been prepared for use in the

1  case, and in which the designating Party has an expectation of confidentiality. The

2  expert or consultant will agree not to disclose such Confidential Documents or

3  Information, directly or indirectly, to any person or entity not subject to this

4  Stipulated Protective Order or use them in any way outside the specific scope of

5  his/her retention as an expert witness in this action, or at any time thereafter.

6      **E.      Return of Confidential Documents or Information by**

7              **Experts and Consultants**

8          Confidential Documents or Information disclosed to any expert or

9  consultant may be retained by such expert or consultant provided that such expert

10  or consultant subsequently destroys any and all copies of such Confidential

11  Documents or Information upon the termination of their engagement.

12      **5.      USE OF CONFIDENTIAL DOCUMENTS OR**

13          **INFORMATION**

14      **A.      Use of Confidential Documents or Information**

15          **Generally**

16          Confidential Documents or Information will only be used by the Parties,

17  their respective agents, and any other persons to whom such Confidential

18  Documents or Information may be disclosed pursuant to this Stipulated Protective

19  Order: (1) in this action; (2) as otherwise compelled by lawful process (provided

20  the designating Party is given a reasonable notice to object); or (3) as otherwise

21  required by law. Notwithstanding the foregoing, nothing in this Stipulated

22  Protective Order will prevent or limit the designating Party from disclosing

23  Confidential Documents or Information they so designate.

24      **B.      Use of Confidential Documents or Information in the**

25          **Conduct of this Action**

26      1.      Confidential Documents or Information may be used by counsel for

27  the non-designating Party in good faith in connection with investigating this

28  action, provided that the Confidential Documents or Information are protected

LAW OFFICE OF PAMELA KOSLYN
5757 WILSHIRE BOULEVARD, PENTHOUSE 20
LOS ANGELES, CALIFORNIA 90036
(323) 467-2200

1    pursuant to the terms and conditions of this Stipulated Protective Order.

2         2.    The terms of this Stipulated Protective Order do not apply to evidence

3    presented at court proceedings and/or trial in this matter. Any protective measures

4    relating to Confidential Documents or Information should be taken up with the

5    judicial officer conducting the particular proceeding at the appropriate time.

6         3.    If any Party seeks to file pleadings or other documents with this Court

7    that contains any other Party's Confidential Documents or Information, it may do

8    so only if: (a) reasonably necessary to the proceeding; and (b) the filing Party

9    informs the designating Party of such filing concurrently with the filing of such

10   documents with the Court.

11        **6.     RETURN OF CONFIDENTIAL DOCUMENTS,**

12             **TESTIMONY, OR INFORMATION**

13        Upon written request after the final conclusion of this action, the

14   Parties will:

15        A.    Return to each other Party or destroy any and all Confidential

16   Documents or Information of that Party so designated by that Party and all copies

17   thereof in its possession, custody and control, except that one set of such

18   Confidential Documents or Information may be retained by counsel for archival

19   purposes;

20        B.    Ensure that all Confidential Documents or Information in the

21   possession, custody or control of any permitted parties or third parties are returned

22   to the designating Party; and

23        C.    Destroy all notes, memoranda or other documents (collectively

24   "Notes") that contain excerpts from any of the Confidential Documents or

25   Information, except that one such set of Notes may be retained by counsel for

26   archival purposes. Notwithstanding the foregoing, attorney work product,

27   attorney-client communications, and information derived from Confidential

28   Documents or Information may be retained by each non-designating Party and its

LAW OFFICE OF PAMELA KOSLYN
5757 WILSHIRE BOULEVARD, PENTHOUSE 20
LOS ANGELES, CALIFORNIA 90036
(323) 467-2200

1     counsel.

2         **7.     PUBLIC DOCUMENTS**

3          None of the restrictions set forth in this Stipulated Protective Order

4     will apply to any documents or other information that become public knowledge

5     by means not in violation of the provisions of this Stipulated Protective Order.

6     Nothing in this Stipulated Protective Order will prevent any Party from using any

7     information that it properly possessed prior to receipt of any Confidential

8     Documents or Information from the designating Party or that is discovered

9     independently by the non-designating Party. Unless otherwise agreed by the

10    Parties involved, the terms for the treatment of Confidential Documents or

11    Information pursuant to the Stipulated Protective Order will be effective only upon

12    the entry of this Stipulated Protective Order.

13        **8.     NO PROBATIVE VALUE**

14         This Stipulated Protective Order will not aggregate or diminish any

15    contractual, statutory or other legal obligation or right of any Party or other person

16    with respect to any Confidential Documents or Information. The fact that

17    information is designated "Confidential" or "Confidential-Attorney's Eyes Only"

18    under the Stipulated Protective Order will not be deemed to be determinative of

19    what a trier of fact may determine to be confidential or proprietary. This Stipulated

20    Protective Order will be without prejudice to the right of any Party to bring

21    information before this Court, regardless of (a) whether any particular material is

22    or is not Confidential, or (b) whether any particular information or material is or is

23    not entitled to a greater or lesser degree of protection under the terms of this

24    Stipulated Protective Order, provided that in doing so, the Party complies with the

25    procedures set forth herein. The fact that any information is disclosed, used, or

26    produced in any proceeding in this action will not be offered in any other action or

27    proceeding before this or any other Court, agency or tribunal as evidence of or

28    concerning whether or not such information is admissible, confidential or

LAW OFFICE OF PAMELA KOSLYN
5757 WILSHIRE BOULEVARD, PENTHOUSE 20
LOS ANGELES, CALIFORNIA 90036
(323) 467-2200

1   proprietary.

2   **9.      NO IMPLIED WAIVER OF ADMISSION**

3      No Party will be obligated to challenge the proprietary of any

4   designation of "Confidential" or "Confidential Attorney's Eyes Only"

5   information, and the failure to do so will not constitute a waiver or otherwise

6   preclude a subsequent challenge to the designation.

7   **10.     MODIFICATION OF THIS STIPULATED PROTECTIVE**

8           **ORDER**

9      The Parties hereto may modify the terms of this Stipulated Protective

10   Order by further stipulation. However, no modification by the Parties will have the

11   force or effect of a court order unless the Court approves the modification. Any

12   Party may seek an order of this Court to modify the terms of this Stipulated

13   Protective Order. Any motion seeking such modification must be served upon all

14   counsel of record and filed in accordance with this Court's filing procedures.

15   **11.     EXECUTION AND COUNTERPARTS**

16      This Stipulated Protective Order may be executed in one or more

17   counterparts, each of which will be deemed to be an original, but all of which

18   together will constitute one and the same instrument. Facsimile signatures will be

19   binding upon the Parties hereto and may be submitted and considered as originals.

20      The filing attorney attests that all signatories listed, and on whose

21   behalf the filing is submitted, concur in the filing's content and have authorized

22   the filing.

23   \ \ \

24   \ \

25   \ \ \

26   \ \ \

27   \ \ \

28   \ \ \

LAW OFFICE OF PAMELA KOSLYN
5757 WILSHIRE BOULEVARD, PENTHOUSE 20
LOS ANGELES, CALIFORNIA 90036
(323) 467-2200

**SO STIPULATED**.

Date: January ___, 2019

By: ___/s/ Trevor Barrett___
Scott A. Burroughs, Esq.
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff Gold
Value International Textile, Inc.

Date: January ___, 2019

By: /s/ Pamela Koslyn
Pamela Koslyn, Esq.
LAW OFFICE OF PAMELA KOSLYN
Pamela Koslyn
Attorney for Defendants Gypsy05, Inc. and
Eminent, Inc.

**IT IS SO ORDERED**.

Date: JAN. 15 , 2019

_____
The Honorable Charles F. Eick
UNITED STATES MAGISTRATE JUDGE

LAW OFFICE OF PAMELA KOSLYN
5757 WILSHIRE BOULEVARD, PENTHOUSE 20
LOS ANGELES, CALIFORNIA 90036
(323) 467-2200

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I hereby acknowledge that I may receive information designated as "Confidential" and/or as "Confidential-Attorneys' Eyes Only" from counsel to a party to this action. I hereby certify my understanding that such information will be provided to me pursuant to the terms and restrictions of the Stipulated Protective Order that has been entered by the Court; that I have been given a copy of, and have read and understand, such Stipulated Protective Order; that I agree to be bound by the terms thereof; and that I irrevocably submit to the personal jurisdiction of the Court in connection with any proceeding to enforce the Stipulated Protective Order Re: Confidentiality that may involve me.

ACKNOWLEDGED AND AGREED:

Name:_____

Address:_____

Employer:_____

Title:_____

Dated:_____

LAW OFFICE OF PAMELA KOSLYN
5757 WILSHIRE BOULEVARD, PENTHOUSE 20
LOS ANGELES, CALIFORNIA 90036
(323) 467-2200